Hearing Date: **March 10, 2026 at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline: **March 3, 2026 at 4:00 p.m. (prevailing Eastern Time)**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEH) |
| Debtor. | |

### NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 1112(b) AND 305(a) AND FED. R. BANKR. P. 1017(a) AND 2002(a)(4) DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United States Bankruptcy Court for the Southern District of New York (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "***Hearing***") on the Motion will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **March 10, 2026 at 10:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing whether making a "live," or "listen only" appearance before the Court, must make an electronic

appearance utilizing the Electronic Appearance portal located at the Court's website at: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any objections to the Motion shall be filed with the Court and served so as to be received by all parties requiring notice no later than **March 3, 2026 at 4:00 p.m. (Prevailing Eastern Time)** (the "*Objection Deadline*"). If no objections are timely filed and served in accordance with the foregoing procedures by the Objection Deadline, the Court may grant the Motion without further notice.

Dated: February 5, 2026

        **A.Y. STRAUSS LLC**

    By: */s/ Eric H. Horn*
        Eric H. Horn, Esq.
        290 West Mount Pleasant Avenue, STE 3260
        Livingston, New Jersey 07039
        Tel. (973) 287-0966
        Fax (973) 533-0127

        *Counsel to the Debtor and*
        *Debtor-in-Possession*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>315 Manhattan Properties LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 25-11531 (MEH) |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO**
**11 U.S.C. §§ 1112(b) and 305(a) AND FED. R. BANKR. P. 1017(a) AND 2002(a)(4)**
**DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND GRANTING RELATED RELIEF**

315 Manhattan Properties LLC, the above-captioned debtor and debtor-in-possession (the "***Debtor***"), by and through its counsel, submits this motion (the "***Motion***") for entry of an order in the form submitted herewith (the "***Proposed Order***"), pursuant to sections 1112(b) and 305(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and rules 1017(a) and 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), (a) dismissing the Debtor's chapter 11 case (the "***Chapter 11 Case***") and (b) granting related relief as set forth below. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicates for the relief requested herein are sections 1112 and 305 of the Bankruptcy Code.

### BACKGROUND

3.  On July 9, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

4.  The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No official committee has been appointed in the Chapter 11 Case by the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

6.  At the time of the filing, the Debtor owned the real property located at 315 West 121st Street, New York, New York 10027 (the "**Property**").

7.  The Debtor, as borrower, and Piermont Bank, as lender (the "**Lender**"), are parties to a certain loan facility in the principal amount of $3,000,000.00. The Lender's interest is secured by a mortgage.

8.  On December 17, 2025, the Court entered the *Order Approving the Sale Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Docket No. 33] (the "**Sale Order**"), authorizing the sale of the Property to Victor Sismanoglou or an entity created by him.

9.  Pursuant to the Sale Order, on February 2, 2026, 315 Manhattan Properties LLC closed on the sale of its real property located at 315 West 121st Street, New York, New York 10027 (the

"**Property**") to 121st Street Realty LLC, a New York limited liability company (the "**Purchaser**") (the entity created by Victor Sismanoglou).

10. The purchase price for the Property was $1,600,000 plus a buyer's premium of $96,000, with buyer paying transfer taxes.

11. On February 3, 2026, the Debtor filed a Notice of Closing of Sale [Docket No. 36].

12. Following the Closing, the Debtor paid the proceeds, holding back an amount sufficient to satisfy US Trustee fees, to the Lender.

**RELIEF REQUESTED**

13. By this Motion, the Debtor requests entry of an order dismissing the Chapter 11 Case pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code.

**BASIS FOR RELIEF**

**I.     Dismissing the Chapter 11 Case of the Debtor is Appropriate
        Under Section 1112(b) of the Bankruptcy Code**

14. A dismissal of a chapter 11 case is governed by section 1112(b) of the Bankruptcy Code, which permits a party-in-interest, after notice and hearing, to seek to dismiss a chapter 11 case in the best interests of the creditors and the estate for cause. See 11 U.S.C. § 1112(b). "Section 1112(b) requires a two-step process in which the court first determines whether there is 'cause' to convert or dismiss, and next chooses between conversion and dismissal based on 'the best interest of creditors and the estate.'" *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3d Cir. 2012) (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 159 n.8 (3d Cir. 1999)).

3

A. <u>Cause Exists to Dismiss the Chapter 11 Case of the Debtor</u>

15. Whether cause exists to dismiss a chapter 11 case is determined on a case-by-case basis and is a decision within the sound discretion of the bankruptcy court. *See In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) ("Bankruptcy judges have wide discretion to determine whether cause exists to dismiss . . . a case under section 1112(b)."); *In re Gucci*, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994) ("The Bankruptcy Court has wide discretion to determine if cause exists, and how to ultimately dispose of the case."); *see also In re American Capital Equipment*, 688 F.3d at 161; *In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984).

16. Courts have broad equitable discretion under section 1112(b) to dismiss a chapter 11 case based on the particular facts and circumstances of the case. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 n.5 (2d Cir. 1997); *In re MF Glob. Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012).

17. Section 1112(b)(4) provides a list of certain circumstances that constitute "cause," including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4). This is a two-part inquiry. *See, e.g., In re Orchard Hills Baptist Church Inc.*, 608 B.R. 309, 316 (Bankr. N.D. Ga. 2019).

18. First, courts determine whether there is a substantial or continuing loss to or diminution of the estate. This prong is generally satisfied if the debtor has a negative cash flow after commencement of a chapter 11 case. *See In re Miell*, 419 B.R. 357, 366 (Bankr. E.D. N.Y. 2010) (noting that negative cash flow alone can be sufficient cause to dismiss . . . under § 1112(b)"). An inability to pay ongoing expenses combined with the absence of reliable income has equally been found sufficient to satisfy this

4

test. *See In re Creech*, 538 B.R. 245, 249 (Bankr. E.D.N.C. 2015) ("An inability to pay ongoing expenses, combined with an absence of reliable income, can establish cause.").

19. Second, if this inquiry is satisfied, courts enquire whether there is an absence of reasonable likelihood of rehabilitation. The rehabilitation standard is a different and more demanding standard than whether or not the debtor can be reorganized. *See In re Andover Covered Bridge, LLC*, 553 B.R. 162, 175 (Bankr. Ct. Dec. CRR) *quoting In re Brutsche*, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) ("Rehabilitation is a different and . . . much more demanding standard than reorganization."). It requires a financially viable plan for continuing operations. *See In re Woodruff*, 580 B.R. 291, 298 (Bankr. M.D. Ga. 2018). There is no reasonable rehabilitation if the debtor will not generate cash flow meeting its current obligations. *See In re Sillerman*, 605 B.R. 631, 656 (Bankr. S.D. N.Y. 2019).

    *(i)*    *The Bankruptcy Code Does Not Define What Constitutes "Cause."*

20. Section 1112(b)(4) provides a non-exhaustive list of circumstances that may constitute cause for dismissal or conversion of a chapter 11 case. *See In re SGL Carbon Corp.*, 200 F.3d at 160 (noting that "the legislative history and case law makes clear that in dismissing a chapter 11 case, the court will be able to consider other factors . . . and to use its equitable powers to reach an appropriate result in individual cases"). One factor not explicitly listed in section 1112(b) that courts have found constitutes cause for voluntary dismissal is the inability of a debtor "to effectuate a plan" or where there is not a "reasonable possibility of a successful reorganization within a reasonable period of time." *In re American Capital Equipment*, 688 F.3d at 162, n.10 ("the 'inability to effectuate a plan' remains a viable basis for dismissal because the listed examples of cause [in section 1112(b)] are not exhaustive").

21. Here, the circumstances affecting the Debtor's request for dismissal constitute "cause" to dismiss its Chapter 11 Case. First, "cause" exists because the Debtor has no ability to successfully

5

reorganize. Indeed, the Debtor already sold its main asset (the Property) for about one half of what was owed to the Lender, and there are no further assets to distribute to creditors. Additionally, it is not economically sensible for the Debtor to continue in chapter 11. There are administrative costs and expenses associated with remaining in chapter 11 and there are no corresponding benefits for creditors or stakeholders.

22.     Accordingly, the Debtor submit that sufficient cause exists for the dismissal of the Debtor's Chapter 11 Case.

B.     Dismissal of the Debtor's Chapter 11 Case is in the
       Best Interests of the Creditors and the Estate

23.     Once a court determines that cause exists to dismiss a debtor's chapter 11 case under section 1112(b), the court must evaluate whether dismissal is in the best interests of the debtor's creditors and its estate. *See, e.g., In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert"). Here, a variety of factors demonstrate that it is in the best interest of the Debtor's creditors and its estate to dismiss the Chapter 11 Case.

24.     Where a debtor has nothing left to reorganize because the assets have already been liquidated, dismissal meets the "best interests of creditors" test and is appropriate. *See In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue the reorganization). Here, prolonging the Debtor's chapter 11 case under the existing circumstances would only burden the estate with mounting attorney and administrative fees. Additionally, the dismissal of the Debtor's chapter 11 case is warranted because the alternative (conversion to chapter 7) would not serve the best interests of the Debtor's creditors and estate, given the lack of assets to be administered and distributed by the Debtor. Similarly,

6

conversion to a chapter 7 proceeding would impose additional administrative costs with no corresponding benefit to those same parties.

25. Accordingly, the Debtor respectfully submits that voluntary dismissal of its Chapter 11 Case is in the best interests of the creditors and the Debtor's estate.

II. **Dismissal is also Proper Under Bankruptcy Code Section 305(a)**

26. In addition to "cause" under section 1112(b) of the Bankruptcy Code, section 305(a) permits dismissal of a case if "the interests of creditors and the debtor would be better served by such dismissal . . .." 11 U.S.C. § 305(a)(1). *See*, *e.g.*, *In re Monitor Single Lift I Ltd.*, 381 B.R. 455, 462 (Bankr. S.D.N.Y. 2008) ("The courts that have construed § 305(a)(1) are in general agreement that ... dismissal is appropriate under § 305(a)(1) only in the situation where the court finds that both 'creditors and the debtor' would be 'better served' by a dismissal.") (quoting *In re Eastman*, 188 B.R. 621, 624 (9th Cir. BAP 1995)).

27. The Debtor submits that dismissal of its Chapter 11 Case is warranted under section 305(a) of the Bankruptcy Code for the same reasons that "cause" exists to dismiss the case pursuant to section 1112(b).

**NO PRIOR REQUEST**

28. No prior request for the relief sought herein has been made to this Court or any other court.

**NOTICE**

29. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) all known creditors of the Debtor; and (iii) all parties that have

7

requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that this Court enter orders, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: February 5, 2026

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
      Eric H. Horn, Esq.
      290 West Mount Pleasant Avenue, STE 3260
      Livingston, New Jersey 07039
      Tel. (973) 287-0966
      Fax (973) 533-0127

*Counsel to the Debtor and
Debtor-in-Possession*

[Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>315 Manhattan Properties LLC,<br><br>                  Debtor. | Chapter 11<br><br>Case No. 25-11531 (MEH) |

## ORDER DISMISSING CHAPTER 11 CASE

Upon the motion (the "*Motion*") of the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "*Debtor*") for entry of an order pursuant to sections 1112(b) and 305(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and rules 1017(a) and 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), (a) dismissing the Debtor's chapter 11 case (the "*Chapter 11 Case*") and (b) granting related relief; and the Court having reviewed the Motion; and it appearing that due and adequate notice of the Motion having been given to all parties entitled thereto, and that no other or further notice need be given; and upon the Court hearing held on March 10, 2026 to consider the relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good sufficient cause appearing therefor, it is hereby

**ORDERED:**

       1.       The Chapter 11 Case is hereby dismissed effective as of the date of this Order.

2. Within ten (10) days of the date of entry of this order, the Debtor shall (a) file all outstanding monthly operating reports through the date of this Order, and (b) pay to the United States Trustee the appropriate sums required, if any, pursuant to 28 U.S.C. § 1930.

3. This Court shall retain jurisdiction of over all matters related to this Order.

Dated: March ____, 2026

_____
JUDGE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE