**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEH) |
| Debtor. | |

**NOTICE OF FIRST AND FINAL APPLICATION OF A.Y. STRAUSS LLC, ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR AN AWARD OF COMPENSATION FOR SERVICES RENDERED PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced application (the "***Application***") with the United States Bankruptcy Court for the Southern District of New York (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "***Hearing***") on the Application will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **March 10, 2026 at 10:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing whether making a "live," or "listen only" appearance before the Court, must make an electronic

appearance utilizing the Electronic Appearance portal located at the Court's website at:

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any objections to the Application shall be filed with the Court and served so as to be received by all parties requiring notice no later than **March 3, 2026 at 4:00 p.m. (Prevailing Eastern Time)** (the "*Objection Deadline*"). If no objections are timely filed and served in accordance with the foregoing procedures by the Objection Deadline, the Court may grant the Application without further notice.

Dated: February 5, 2026

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
       Eric H. Horn, Esq.
       290 West Mount Pleasant Avenue, STE 3260
       Livingston, New Jersey 07039
       Tel. (973) 287-0966
       Fax  (973) 533-0127

       *Counsel to the Debtor and*
       *Debtor-in-Possession*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEH) |
| Debtor. | |

**SUMMARY COVER SHEET FOR FIRST AND FINAL FEE APPLICATION**
**OF A.Y. STRAUSS LLC, ATTORNEYS FOR THE DEBTOR, FOR**
**AN AWARD OF COMPENSATION FOR SERVICES RENDERED**
**PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE**

Name of Applicant:                          A.Y. Strauss LLC

Authorized to Provide
Professional Services to:                 Debtor and Debtor in Possession

Date of Retention:                          October 1, 2025 (*nunc pro tunc* to July 9, 2025)

Compensation Period:                     July 9, 2025 through February 5, 2026

Amount of Compensation sought
as actual, reasonable and necessary:  $47,610.00

Amount of Expense Reimbursement
 sought as actual, reasonable
 and necessary:                              $238.00

**This is a Final Fee Application**

**TIME SUMMARY BY BILLING CATEGORY**
**For the Period of July 9, 2025 through February 5, 2026**

| Billing Category | Total Hours | Total Compensation |
|---|---|---|
| Case Administration | 30.6 | $18,210.00 |
| Financing | 8.8 | $5,280.00 |
| Asset Disposition | 33.7 | $20,220.00 |
| Plan and Disclosure Statement | 6.5 | $3,900.00 |
|  |  |  |
| **TOTAL** | **79.6*** | **$47,610.00** |

*All time expended on this matter are for Eric H. Horn, except for 1 hour by Eva Thomas and 0.2 hours by David Salhanick in the Case Administration Matter*

**TIME SUMMARY BY PROFESSIONAL**
**For the Period of April 4, 2022 through December 15, 2022**

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Eric H. Horn | Partner; admitted 2002 | $600.00 | 78.4 | $47,040.00 |
| David S. Salhanick | Partner; admitted 2012 | $600.00 | 0.2 | $120.00 |
| Eva M. Thomas | Counsel; admitted 2020 | $450.00 | 1 | $450.00 |
| | | | | |
| **TOTAL** | | | **79.6** | **$47,610.00** |

**EXPENSES**

| Expense | Amount |
|---|---|
| Court filing fees | $233.00 |
| Cert of Formation Copy | $5.00 |
| | |
| **TOTAL** | **$238.00** |

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEH) |
| Debtor. | |

**FIRST AND FINAL FEE APPLICATION OF A.Y. STRAUSS LLC,**
**ATTORNEYS FOR THE DEBTOR IN POSSESSION, FOR AN**
**AWARD OF COMPENSATION FOR SERVICES RENDERED**
**PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE**

TO:    THE HONORABLE MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

A.Y. Strauss LLC ("***AYS***" or "***Applicant***"), attorneys for 315 Manhattan Properties LLC,

the above captioned debtor and debtor in possession (the "***Debtor***"), respectfully states as follows:

**SUMMARY OF REQUESTED RELIEF**

1.    By this application (the "***Application***"), AYS seeks a final award of compensation

in the total amount of $47,610.00 in fees and $238.00 in expenses for the Period of the Petition

Date (as defined below) through February 5, 2026 (the "***Compensation Period***").  The Declaration

of Eric H. Horn is annexed hereto as **Exhibit "A."**  Applicant agreed to rely on its retainer received

prior to the filing of the chapter 11 case and not receive additional monies on account of the

services provided. The amount remaining in the retainer as of the Petition Date is approximately

$45,000.

2.     At all times, Applicant has attempted to maximize efficiency and avoid duplication of effort. Such measures have permitted Applicant to provide effective representation as the Debtor's counsel without placing unnecessary financial burdens on the estate. Applicant respectfully submits that the professional services rendered and legal advice provided were necessary and valuable to the Debtor and resulted in substantial value and benefit to the Debtor.

3.     Accordingly, as required by § 330 of Title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Local Bankruptcy Rules and the General Orders of this Court, Applicant submits this Application for professional services rendered to the Debtor and for reimbursement of necessary expenses incurred in its representation of the Debtor.

## JURISDICTION, VENUE AND STATUTORY BASES

4.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334 and the order of reference of the United States District Court for the Southern District of New York.

5.     This is a core proceeding pursuant to 28 U.S.C. §157(b).

6.     Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

7.     The statutory and legal predicates for the relief requested are § 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the Guidelines for Fees and Disbursements promulgated by the United States Trustee.

8.     By order dated October 1, 2025, the Court approved the retention of A.Y. Strauss LLC as counsel to the Debtor *nunc pro tunc* to the Petition Date [Docket No. 24] (the "***Retention Order***"). A copy of the Retention Order is annexed hereto as **Exhibit "B."**

2

## I.
## INTRODUCTION

**THE APPLICANT**

9.      Applicant is a limited liability company with thirty (30) attorneys.  Eric H. Horn is a partner in Applicant's law firm. He has practiced law for approximately twenty-four (24) years focusing on insolvency representations, predominantly working for three law firms before joining Applicant on August 1, 2019:  first at the law firm of Sidley Austin LLP; second at the law firm of Lowenstein Sandler LLP; and third at the law firm of Vogel Bach & Horn LLP.  He has published in various journals and has lectured on insolvency topics.

10.      The other attorneys in Applicant's firm whom from time to time may have rendered services in connection with this case are likewise experienced, and all of the attorneys are duly admitted to practice in the courts of the State of New York.

## II
## BACKGROUND

11.      The Debtor is a limited liability company, registered with the New York Secretary of State.  The Debtor's membership interests are held by Bradley Simmons.  At the time of the filing of the Debtor's chapter 11 case, the Debtor owned a five-story, walk-up, multi-family building with twenty rent-stabilized residential units located at 315 West 121st Street, New York, New York 10027 (the "***Property***").

12.      The Debtor, as borrower, and Piermont Bank, as lender (the "***Lender***"), are parties to a certain loan facility in the principal amount of $3,000,000.00. The Lender's interest is secured by a mortgage.

3

13.     On February 1, 2024, Lender commenced a foreclosure action against the Debtor (and others) in the Supreme Court of the State of New York, County of New York, titled *Piermont Bank v. 315 Manhattan Properties LLC, et al.*, Index No. 850023/2024.  On July 15, 2024, the court entered an order granting Lender's motion for a default judgment.  On January 31, 2025, the court entered a Judgment of Foreclosure and Sale.

14.     The Debtor commenced its chapter 11 case in an effort to see if a deal could be reached with the Lender and / or to explore a sale option.  A sale conducted during a chapter 11 process will enable to the Debtor to fully market the Property with the hope of obtaining the highest and best value for the benefit of the Debtor and the stakeholders in its chapter 11 case.  Such a process will likely exceed any fire-sale conducted in connection with the State Court foreclosure action.

15.     The Debtor's Chapter 11 Case was filed on July 9, 2025 (the "**Petition Date**").  It is pending before the Honorable Michael E. Wiles, United States Bankruptcy Judge.  On July 25, 2025, the Debtor filed its Schedules of Assets and Liabilities [Docket No. 11] its Statement of Financial Affairs [Docket No. 11].

16.     The Debtor filed retention applications seeking to retain and employ (i) A.Y. Strauss LLC as bankruptcy counsel to the Debtor [Docket No. 16], and (ii) Northgate Real Estate Group as the Debtor's real estate advisors / brokers [Docket No. 17].  Both of those retentions were approved by orders dated October 1, 2025.  *See* Docket Nos. 25 and 23, respectively.

17.     On July 21, 2025, the Lender filed its motion to lift the automatic stay so that it may continue to sell the Property through the State Court foreclosure process [Docket No. 9].  The debtor filed its opposition to such motion on August 12, 2025 [Docket No. 14]. The Court held a

4

hearing on August 26, 2025 at which the Debtor and the Piermont Bank entered into an agreement which was read onto the record.

18.     On August 26, 2025, the Debtor filed its motion seeking to sell the Property and establish bidding procedures with regard to same [Docket No. 18].

19.     On August 27, 2025, the Court entered an order [Docket No. 19] establishing October 16, 2025 as the general claims bar date and January 9, 2026 as the bar date for governmental entities.

20.     On September 4, 2025, the Debtor filed its plan and disclosure statement with the Court. *See* Docket Nos. 21 and 22, respectively.  At the time of the filing of the plan and disclosure statement, the Debtor intended on selling the Property through the plan.  Upon consultation with and approval by the Lender, the Debtor determined that the more efficient route was to sell the Property via a Section 363 sale and not close pursuant to a confirmation order.

21.     On October 3, 2025, the Court entered an order [Docket No. 25] approving certain bidding procedures with regard to the sale of the Debtor's Property.

22.     On December 17, 2025, the Court entered an Order Approving the Sale Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief [Docket No. 33] (the "***Sale Order***"), authorizing the sale of the Property to Victor Sismanoglou or an entity created thereby.

23.     Pursuant to the Sale Order, on February 2, 2026, 315 Manhattan Properties LLC closed on the sale of the Property to 121st Street Realty LLC, a New York limited liability company (the entity created by Victor Sismanoglou).

5

24.     The purchase price for the Property was $1,600,000 plus a buyer's premium of $96,000, with buyer paying transfer taxes.

## II
## APPLICANT'S LEGAL SERVICES AS ATTORNEYS FOR THE
## DEBTOR IN POSSESSION FOR THE COMPENSATION PERIOD

25.     Applicant's legal services, which have been categorized according to topics, are merely highlighted herein to avoid burdening the Court with the day-to-day minutia of Applicant's legal services and advice provided to the Debtor in this Chapter 11 case. For a more detailed description of the legal services performed and legal advice rendered, Applicant's contemporaneous daily time records are annexed hereto as **Exhibit "C"** and made a part hereof.

26.     The following are the major areas for which Applicant rendered services on behalf of the Debtor in connection with this Chapter 11 during the Compensation Period:

(a)     Case Administration
(b)     Financing
(c)     Asset Disposition
(d)     Plan and Disclosure Statement

## III
## LEGAL STANDARDS FOR THE
## ALLOWANCE OF COMPENSATION SOUGHT

27.     Applicant is cognizant of the fee setting process which begins with an examination of the extent of professional services rendered. A measure of the quality of the services must be the initial determination of the value of such services.

28.     The contemporaneous time records submitted herewith by Applicant are a direct indication of the time spent in the performance of the professional services during the Compensation Period.

29.     By establishing the fair and reasonable value of the services performed by

professionals retained pursuant to § 327 of the Bankruptcy Code, bankruptcy court fee awards, in effect, have been determined on a case-by-case basis, using an appropriate blended hourly rate for services performed by such professionals. However, federal courts have provided some common criteria for guidance in the area of court awarded fees.

30.     For instance, the Circuit Court in the case of *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), first enumerated twelve factors to be considered by courts in order to determine a "reasonable" fee award. These factors were subsequently incorporated in the case of *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), which held that these twelve factors applied to fees awarded pursuant to the Bankruptcy Code. These factors are:

i.   The time and labor required and spent;
ii.   The novelty and difficulty of the questions;
iii.   The skill requisite to perform the legal services properly;
iv.   The preclusion of other employment by the attorney due to acceptance of the case;
v.   The customary fees;
vi.   Whether the fee is fixed or contingent;
vii.   Time limitations imposed by the client or other circumstances;
viii.   The amount involved and the results obtained;
ix.   The experience, reputation and ability of the attorneys;
x.   The undesirability of the case;
xi.   The nature and length of the professional relationship with the client; and
xii.   Awards in similar cases.

31.     Subsequently, the United States Supreme Court explained that a court's determination of a reasonable fee award is to be based on the calculation of the lodestar amount which was first articulated by the Third Circuit in the case of *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973). This lodestar amount is presumed to subsume many of the factors articulated by *Johnson*. *See Pennsylvania v. Delaware Valley Citizens Counsel for Clear Air*, 478 U.S. 546, 566-567, 106 S.Ct. 3088, 92 L.Ed 2d 439

(1986).

32.    The lodestar amount is determined by multiplying the number of hours reasonably expended in the case by a reasonable hourly rate.  Justice White, writing for the majority in the *Delaware Valley Citizens* case, found that although the lodestar amount may be adjusted upward and downward, there is a strong presumption that the lodestar figure represents a "reasonable" fee. *See id*. at 565-66.

33.    Courts have generally arrived at the lodestar amount by conducting a three-step process to determine the reasonableness of requests for compensation. First, the court attempts to ascertain the nature and extent of the services rendered by an applicant. A review of this Application and the schedules annexed clearly reflect the number of hours worked and a description of the services provided during those hours. Second, the court attempts to assess the value and quality of the services rendered by the applicant. A review of this  Application and the schedules annexed reflect the hourly rate of each of the persons providing services. After a review of the first two steps, the court determines a reasonable amount of compensation.

34.    A court's determination of the lodestar amount must also be based on the contemporaneous time records maintained by the attorney which are synopsized in the fee application.  "An attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records." *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575 (E.D.N.Y. 1990).

35.    Section 330(a)(1) of the Bankruptcy Code states the policy and the standard to be applied in determining the compensation for attorneys and other professionals in the bankruptcy context as: "Reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person

8

employed by any such person."

36.     Section 330(a)(3) sets forth certain non-exclusive factors for the Court to review including:

i.   the time spent on such services;

ii.  the rates charged for such services;

iii. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title:

iv.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues, or task addressed;

v.   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skills and experience in the bankruptcy field; and

vi.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

37.     Applicant respectfully submits that based upon the above-factors that the fees requested are reasonable and should be awarded in full.

38.     Applicant has not received any compensation in connection with its retention and rendition of professional services during the Compensation Period.

39.     Applicant respectfully submits that the reasonable value of the professional services which it has rendered on behalf of the Debtor for this time interval is not less than the

sum requested.

## **NOTICE**

40.     Notice of this Application has been given to the (i) Office of the United States Trustee for the Southern District of New York, (ii) the the Debtor, (iii) all creditors in the chapter 11 case, and (iv) all parties who served and filed a notice of appearance and request for service of documents.

**WHEREFORE**, Applicant respectfully requests that it be awarded (i) a final award of compensation in the amount of $47,610.00 for legal services rendered and legal advice provided and $238.00 in expenses, and (ii) such other and further relief as this Court may deem just and proper.

Dated: February 5, 2026

**A.Y. STRAUSS LLC**

By:_____*/s/ Eric H. Horn*_____
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor in Possession*

**EXHIBIT "A"**

**[Declaration of Eric H. Horn]**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax  (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEH) |
| Debtor. | |

**DECLARATION OF ERIC H. HORN IN SUPPORT OF FINAL FEE
APPLICATION OF A.Y. STRAUSS LLC, ATTORNEYS FOR THE DEBTOR AND
DEBTOR IN POSSESSION, FOR AN AWARD OF COMPENSATION FOR SERVICES
RENDERED PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE**

I, Eric H. Horn, declare under penalty of perjury:

1.      I am a partner in the Bankruptcy and Financial Restructuring Group at A.Y. Strauss LLC ("*AYS*") a law firm which employs approximately 30 attorneys.

2.      I have read the Application of AYS as Counsel to the Debtor for Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred During the Period From July 9, 2025 through February 5, 2026 (the "*Application*") filed contemporaneously herewith.

41.      To the best of my knowledge, information and belief, the statements contained in the Application are true and correct. In addition, I believe that the Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and the

1

Guidelines for Fees and Disbursements promulgated by the United States Trustee.[1]

3.      In connection therewith, I also hereby certify that:

a.      to the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the relevant rules, court orders and Bankruptcy Code provisions, except as specifically set forth herein;

b.      the fees and disbursements sought in the Application are discounted from the rates customarily employed by AYS and generally accepted by AYS' clients. In addition, none of the professionals seeking compensation varied their hourly rates based on the geographic location of the Debtor's case;

c.      AYS has not increased billing rates for its professionals and paraprofessionals since AYS' retention;

d.      AYS is (i) not seeking compensation for fees spent preparing, reviewing and revising invoices that would not be compensable outside of bankruptcy, and (ii) is not seeking compensation for fees spent reviewing or revising time records to redact privileged or confidential information;

e.      in providing a reimbursable expense, AYS does not make a profit on that expense, whether the service is performed by AYS in-house or through a third party;

f.      in accordance with Bankruptcy Rule 2016(a) and Bankruptcy Code section 504, no agreement or understanding exists between AYS and any other person for the sharing of compensation to be received in connection with this chapter 11 case except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules and Local Rules; and

g.      all services for which compensation is sought were professional services on behalf of the Debtor and not on behalf of any other person.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 5, 2026

/s/ Eric H. Horn
Eric H. Horn

**EXHIBIT "B"**

**[AYS Retention Order]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 315 Manhattan Properties LLC, | Case No. 25-11531 (MEW) |
| Debtor. | |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF A.Y. STRAUSS LLC AS BANKRUPTCY COUNSEL FOR THE**
**DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "***Application***") of 315 Manhattan Properties LLC, the above-captioned debtor and debtor-in-possession (the "***Debtor***"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of A.Y. Strauss LLC as counsel to the Debtor; and upon the declaration of Eric H. Horn, which is annexed to the Application (the "***Horn Declaration***"); and it appearing that A.Y. Strauss LLC is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of A.Y. Strauss LLC by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ A.Y. Strauss LLC as its bankruptcy counsel, on the terms and conditions set forth in the Application and Horn Declaration, effective as of July 9, 2025; and it is further

ORDERED, that to the extent the Application or Horn Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that A.Y. Strauss LLC shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that A.Y. Strauss LLC shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to the Firm.

ORDERED, that prior to any increases in A.Y. Strauss LLC's rates, A.Y. Strauss LLC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

2

ORDERED, that, notwithstanding any provision to the contrary in the Application or the

Horn Declaration, the Court may retain jurisdiction to hear and to determine all matters arising

from or related to implementation of this Order.

Dated: October 1, 2025

s/Michael E. Wiles
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "C"**

**[Time Records]**

**A.Y. STRAUSS**
ATTORNEYS AT LAW

290 West Mount Pleasant Avenue, Suite 3260 | 535 Fifth Avenue, 4th Floor
Livingston, NJ 07039 | New York, NY 10017
(973) 287-0966 | (646) 374-0255

Attn: Bradley Simmons
315 Manhattan Properties, LLC
138 West 127th Street
New York NY  10027
Attn: Bradley Simmons

| | |
|---|---|
| Statement Date: | February 5, 2026 |
| Statement No. | 55311 |
| Account No. | 2224.001 |

RE: Asset Disposition

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 08/25/2025 | EHH | Drafting bidding procedures (.8); drafting notice of auction (.4); drafting bidding procedures order (.8); drafting sale order (.8) | 2.80 | 1,680.00 |
| 09/30/2025 | EHH | Prepare for hearing re sale of assets (.6); attend hearing (1.2); follow up re orders and review and revisions re same (1.3 | 3.10 | 1,860.00 |
| 10/01/2025 | EHH | Review and revisions to bidding procedures and related attachments (.8); review and revisions to Northgate order (.3); telephone calls and correspondence re same (.3) | 1.40 | 840.00 |
| 10/03/2025 | EHH | Further review and revisions to Bidding procedures order, bidding procedures and notice of assignment per judge further comments (1); correspondence with chambers re same (.2); correspondence with lender and broker re same (.1); telephone call with lender re credit bid (.1) | 1.40 | 840.00 |
| 11/03/2025 | EHH | Review of materials re sale of assets (.4); attention to confirmation order (1.2) | 1.60 | 960.00 |
| 12/02/2025 | EHH | Attention to sale issues | 0.80 | 480.00 |
| 12/11/2025 | EHH | Review of materials in preparation for auction (.6); telephone calls with broker and others re auction (.5); attend auction (.8); follow up telephone calls re same (.4); prepare for sale hearing (.9) | 3.20 | 1,920.00 |
| 12/12/2025 | EHH | Prepare for sale hearing (.6); review and revisions to declaration in support of same, file same, and circulate to chambers (.6); attend hearing and follow up re same (1); review and revisions to sale order (.8) | 3.00 | 1,800.00 |
| 12/16/2025 | EHH | Review and revisions to sale order (1.2); correspondence re same (.3); telephone call with broker (.1) | 1.60 | 960.00 |
| 01/05/2026 | EHH | Telephone call and follow up re sale issues (.4); draft closing documents (.7) | 1.10 | 660.00 |

Statement Date:    02/05/2026
Statement No.    55311
Account No.    2224.001

315 Manhattan Properties, LLC

| | | | Hours | Amount |
|---|---|---|---|---|
| 01/26/2026 | EHH | Drafting various closing documents (1.9); telephone calls and correspondence re same (.6); review and revisions to same (.6) | 3.10 | 1,860.00 |
| 01/27/2026 | EHH | Correspondence and telephone calls. Closing documents (1.4); follow up re same (.4); review and revisions in connection with same (1.6) | 3.40 | 2,040.00 |
| 01/28/2026 | EHH | Telephone calls and correspondence re sale issues (2) | 2.00 | 1,200.00 |
| 01/29/2026 | EHH | Attention to sale of assets and closing for same | 1.50 | 900.00 |
| 02/02/2026 | EHH | Attention to closing issues | 1.30 | 780.00 |
| 02/03/2026 | EHH | Attend status hearing re sale (1.3); review of materials and correspondence re bank payoff (.4); follow up with admin re same (.2); draft and file notice of closing of sale (.5) | 2.40 | 1,440.00 |
| | | **For Current Services Rendered** | 33.70 | 20,220.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Eric H Horn | 33.70 | $600.00 | $20,220.00 |

**Balance Due**                                                                                   $20,220.00

**A.Y. STRAUSS**
ATTORNEYS AT LAW

290 West Mount Pleasant Avenue, Suite 3260 | 535 Fifth Avenue, 4th Floor
Livingston, NJ 07039 | New York, NY 10017
(973) 287-0966 | (646) 374-0255

Attn: Bradley Simmons
315 Manhattan Properties, LLC
138 West 127th Street
New York NY 10027
Attn: Bradley Simmons

|  |  |
|---|---|
| Statement Date: | February 5, 2026 |
| Statement No. | 55314 |
| Account No. | 2224.005 |

RE: Plan and Disclosure Statement

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 08/25/2025 | EHH | Drafting plan and DS | 1.50 | 900.00 |
| 09/03/2025 | EHH | Drafting, review and revision to DS and plan. | 3.00 | 1,800.00 |
| 09/04/2025 | EHH | Drafting Plan and DS and finalize same; follow up re same (2.0) | 2.00 | 1,200.00 |
| | | **For Current Services Rendered** | 6.50 | 3,900.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Eric H Horn | 6.50 | $600.00 | $3,900.00 |

**Balance Due**                                                                              $3,900.00

Please wire payment to:
First Bank NJ, 2465 Kuser Rd, Hamilton, NJ 08690
Account Name: A.Y. Strauss LLC
Account #: 1170079303
ABA #: 031207924

**A.Y. STRAUSS**
ATTORNEYS AT LAW

290 West Mount Pleasant Avenue, Suite 3260
Livingston, NJ 07039
(973) 287-0966

535 Fifth Avenue, 4th Floor
New York, NY 10017
(646) 374-0255

Attn: Bradley Simmons
315 Manhattan Properties, LLC
138 West 127th Street
New York NY 10027
Attn: Bradley Simmons

Statement Date:     February 5, 2026
Statement No.                55313
Account No.              2224.004

RE: Case Administration

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 07/24/2025 | EHH | Review of materials to incorporate into schedules and SOFA (.6) | 0.60 | 360.00 |
| 07/25/2025 | EHH | Telephone calls re schedules, SOFA and first day declaration (1.1); prepare schedules (2), SOFA (1.8), and draft, review and revise first day declaration (2); follow up and file same (.4) | 7.30 | 4,380.00 |
| 08/11/2025 | EHH | Teleconference with client re 341 meeting preparation (.5); attend 341 meeting (UST did not log on) (.3); follow up correspondence and telephone call re same (.2) | 1.00 | 600.00 |
| 08/18/2025 | EMT | Comm with EHH re lift stay hearing | 0.10 | 45.00 |
| | EHH | Internal discussion re 341 preparation (.3); follow up correspondence re same (.1); telephone calls with lender's counsel (.2) | 0.60 | 360.00 |
| | DSS | Attend 341 meeting | 0.20 | 120.00 |
| 08/25/2025 | EMT | Analyze comms re budget, strategize re lift stay motion | 0.20 | 90.00 |
| | EHH | drafting retention papers (.6) | 0.60 | 360.00 |
| 08/26/2025 | EMT | Analyze comms re filed motions for retention and sale | 0.10 | 45.00 |
| | EHH | Prepare for dismissal hearing (.4); and attend same (.7); drafting retention papers for AYS and Northgate (1.6) and file same (.3); correspondence and follow up with paralegal re same (.1) | 3.10 | 1,860.00 |
| 08/27/2025 | EMT | Analyze comms re bar date motion and other submissions to court | 0.30 | 135.00 |
| | EHH | drafting bar date order and notice (.6); correspondence and telephone calls re same ( .2) | 0.80 | 480.00 |
| 09/09/2025 | EHH | Review and revisions to bar date materials (1.2); finalize motion for filing (.9); file and serve same (.5); internal discussion re same (.6) | 3.20 | 1,920.00 |
| 09/26/2025 | EMT | Comm with EHH re upcoming hearing | 0.10 | 45.00 |
| 10/01/2025 | EMT | Analyze comms re proposed orders | 0.20 | 90.00 |
| 11/05/2025 | EHH | Review of MORs and file same (.4) | 0.40 | 240.00 |

Statement Date:    02/05/2026
Statement No.           55313
Account No.        2224.004

315 Manhattan Properties, LLC

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 01/16/2026 | EHH | Review of various MORs and bank statements (.4); telephone calls to client (.2); file and follow up re same (.2) | 0.80 | 480.00 |
| 02/04/2026 | EHH | Prepare MORs on UST forms for July 2025 through December 2025 (2.5) | 2.50 | 1,500.00 |
| 02/05/2026 | EHH | Review and revisions to Northgate Final Fee App and file same (1.5); draft, review and revisions to MTD (2); prepare AYS Final Fee Application (2); reserve for additional work to March 10 hearing (3) | 8.50 | 5,100.00 |
| | | **For Current Services Rendered** | 30.60 | 18,210.00 |

### Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Eric H Horn | 29.40 | $600.00 | $17,640.00 |
| Eva M Thomas | 1.00 | 450.00 | 450.00 |
| David S. Salhanick | 0.20 | 600.00 | 120.00 |

### Advances

| | | |
|---|---|---|
| 08/12/2025 | Filing fee USBC Courts | 34.00 |
| 08/26/2025 | Fee for Sale Motion | 199.00 |
| 01/30/2026 | Copy of Certificate of formation | 5.00 |
| | Total Advances | 238.00 |

**Balance Due**                                                  $18,448.00

**A.Y. STRAUSS**
ATTORNEYS AT LAW

290 West Mount Pleasant Avenue, Suite 3260
Livingston, NJ 07039
(973) 287-0966

535 Fifth Avenue, 4th Floor
New York, NY 10017
(646) 374-0255

Attn: Bradley Simmons
315 Manhattan Properties, LLC
138 West 127th Street
New York NY 10027
Attn: Bradley Simmons

| Statement Date: | February 5, 2026 |
| Statement No. | 55312 |
| Account No. | 2224.003 |

RE: FINANCING

Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 08/12/2025 | EHH | Review of materials re lift-stay motion and research for objection to same (1.2); draft, review and revisions to objection to same (4); finalize and file same (.5); follow up re same (.4) | 5.10 | 3,060.00 |
| 08/15/2025 | EHH | Telephone calls with lender's counsel re lift-stay motion (.4); review of objection filed and motion papers in advance of calls (.4); further research in advance of same (.7); review of materials re same (.4) | 1.90 | 1,140.00 |
| 08/25/2025 | EHH | Telephone calls with lender (.8); telephone call with lender and broker (.5); correspondence and telephone call with client re same (.3); follow up correspondence in connection with settlement (.2) | 1.80 | 1,080.00 |
| | | **For Current Services Rendered** | 8.80 | 5,280.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Eric H Horn | 8.80 | $600.00 | $5,280.00 |

**Balance Due** $5,280.00